Form #42

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

[SEAL]

SUPERIOR COURT DEPT. OF THE TRIAL COURT

CIVIL ACTION

No. 1473CV00722

Sharon Gammons , Plaintiff (s)

v.

Shaw's Supermarkets, Inc. , Defendant(s)

(TO PLAINTIFF'S ATTORNEY :
PLEASE INDICATE TYPE OF ACTION INVOLVED :—
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER.)

### SUMMONS

TO THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to serve upon ...Thomas J. Cleary, Esq.

plaintiff's attorney, whose address is ...10 Commerce Way, Suite 4, Raynham, MA 02767

an answer to the complaint which is herewith served upon you, within (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at New Bedford........ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Hon. Barbara J. Rouse,   Adm. Justice of the Superior Court Dept. of the Trial Court, at Taunton, the.....................................day of...................................., in the year of our Lord two thousand and.............................

*Magistrate*

NOTES.

1.   This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2.   When more than one defendant is involved, the names of all defendants should appear in the caption.  If a separate summons is used for each defendant, each should be addressed to the particular defendant

3.   If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

ISC 71

NOTICE TO DEFENDANT— You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

A True Copy Attest "Special Process Server"

PROOF OF SERVICE OF PROCESS

     I hereby certify and return that on ......................................., 20    , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d)  (1-5) :

...........................................................................................................................................................

...........................................................................................................................................................

...........................................................................................................................................................

Dated: ......................................, 20    .     .........................................................................

N.B.  TO PROCESS SERVER: —
     PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS
     BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

*August 18, 2014* , 20    .

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT.
OF THE TRIAL COURT
CIVIL ACTION
No. 1473CV06722

BRISTOL, ss.

Sharon Gammons .................., Plaintiff (s)

v.

Shaw's Supermarkets, Inc.; Defendant (s)

SUMMONS
(Mass. R. CIV. P. 4.)

BRISTOL, SS SUPERIOR COURT
FILED

Docket No. 1473CV00722

AUG 1 2 2014

MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

SHARON GAMMONS

Plaintiff

VS

**Motion for Appointment as Special Process Server and Order of Appointment**

SHAW'S SUPERMARKETS, INC.

Defendant

In accordance with the provision of Rule 4C of the M.R. CIV.P., the undersigned hereby moves this honorable court for the appointment of Herve W. Vandal, Jr. or any of his designees as Process Server.

The undersigned swears that to the best of his/her knowledge and belief the person to be appointed Process Server is 18 years of age or over and is not a party to this action.

Thomas J. Cleary, Esq.
10 Commerce Way, Suite 4
Raynham, MA 02767

**Order Appointing Special Process Server**

The foregoing motion is allowed and pursuant to Rule 4C of the M.R. CIV.P., it is ordered that Herve W. Vandal, Jr. or any of his designees is hereby appointed as Special Process Server in the above entitled action.

By:

First Justice/Clerk Magistrate

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.                                SUPERIOR COURT DIVISION
                                            C.A. No.

```
                                )
SHARON GAMMONS,                 )
          Plaintiff             )
                                )
v.                              )
                                )
SHAW'S SUPERMARKETS, INC.,      )
          Defendant             )
                                )
```

## STATEMENT OF CASE

NOW COMES, Sharon Gammons (hereinafter "Plaintiff"), seeking damages against Shaw's Supermarkets, Inc. (hereinafter "Defendant"), for wrongful termination, failure to pay overtime wages in violation of the Massachusetts Wage & Hour Law, M.G.L. c. 151, §1A, the Fair Labor Standards Act, 29 U.S.C. §213, and declaratory relief pursuant to M.G.L. c.231A, §1.

## JURISDICTION AND VENUE

1.    Pursuant to the exhaustion of administrative remedies requirement set forth in M.G.L. c. 149, §150, Sharon Gammons filed a complaint with the office of the Massachusetts Attorney General and was provided with a private right of action letter authorizing her to pursue this matter through a civil lawsuit (a true and accurate copy has been attached hereto as Exhibit "A").

2.    This Court has jurisdiction over these claims pursuant to M.G.L. c. 149, §150, M.G.L. c. 212, §4; and 29 U.S.C. 216(b).

3.    This action is brought in the Superior Court of Bristol County pursuant to M.G.L.
c. 223, §1.

## PARTIES

4.    Sharon Gammons is an individual with an address of 119 Sully Road, Raynham,
MA 02767.

5.    Shaw's Supermarkets, Inc., is a Massachusetts corporation with a principal place
of business located at 750 West Center Street, West Bridgewater, MA 02379.

## FACTS

6.    Plaintiff was hired by the Defendant on or about January 1990 to work in
Defendant's accounts payable department.

7.    In 2000, Plaintiff received a promotion by the Defendant to work as a "labor
analyst" and was placed on salary.

8.    During Plaintiff's time as a "labor analyst" she was not provided overtime for
hours worked in excess of forty (40) per week.

9.    During Plaintiff's time as a "labor analyst" she would routinely work
approximately fifty-two (52) hours per week.

10.    The position of "labor analyst" required that the Plaintiff: produce various labor
reports which would be distributed to various areas of the business; gather and distribute
5-s data; act as a liaison between stores and IT specifically in areas of MPT and Kronos;
data collection, analysis, and presentation to various areas of the business to assist in
decision making in various labor related issues; and contribute to the store's labor budget
process (a true and accurate copy of the job description has been attached hereto as
Exhibit "B").

11.     During Plaintiff's time as a "labor analyst", Plaintiff was not afforded the ability to exercise discretion and independent judgment with respect to matters of significance, as she was charged with the duties described above, and at all times reported to her supervisors who would made all business decisions.

12.     During Plaintiff's time as a "labor analyst", Plaintiff would report to Kevin Morrison and David Caruso, the Labor Managers for Defendant.

13.     On or about March 2013, Plaintiff's position as a labor analyst was eliminated and Plaintiff was given the new position of "scan coordinator."

14.     This new position of "scan coordinator" brought about an increase in duties and responsibilities forcing the Plaintiff to work approximately sixty (60) hours per week without receiving additional compensation or overtime.

15.     The Plaintiff was never provided a job description of the duties and responsibilities of a "scan coordinator."

16.     Plaintiff was told by her new supervisor, Carol Whitney, that she would now also be responsible for creating reports dealing with ad related issues as well creating reports regarding scanning issues in the individual stores and providing those reports to management.

17.     During Plaintiff's time as a "scan coordinator", Plaintiff was not afforded the ability to exercise her discretion and independent judgment with respect to matters of significance, as she was charged with the duties described above, and at all times reported to her supervisors who made all the business decisions.

18.     Plaintiff continued the duty of a "labor analyst" in addition to the new duties of "scan coordinator" until Plaintiff was given another new position of "financial analyst" on or about June 2013.

19.     The Plaintiff was never provided a job description of the duties and responsibilities of a "financial analyst."

20.     Plaintiff was told by her new supervisor, Jennifer Vaillancourt, that she would now be responsible for creating reports to delineate variances on profit and loss statements and creating "shrink" reports on how to prevent product loss and providing those reports to management.

21.     During Plaintiff's time as a "financial analyst", Plaintiff was not afforded the ability to exercise her discretion and independent judgment with respect to matters of significance, as she was charged with the duties described above, and at all times reported to her supervisors who made all the business decisions.

22.     Plaintiff continued the duty of a "labor analyst" in addition to the new duties of "financial analyst" until Plaintiff separated from employment with the Defendant on or about February 20, 2014.

23.     During the period that Plaintiff worked as a "financial analyst", on or about June 2013 through February 20, 2014, Plaintiff continued to work approximately sixty (60) hours per week without receiving additional compensation or overtime.

24.     During Plaintiff's employment, Plaintiff would routinely make complaints to her supervisors, Kevin Morrison, David Caruso, Jennifer Vaillancourt, and Carol Whitney as well as human resources regarding the Defendant's failure to provide her proper compensation for her additional duties and hours.

25.     Although Plaintiff attempted to remedy her situation by going to human resources and her supervisors nothing was ultimately done and the failure by the Defendant to provide payment to the Plaintiff for all hours worked as well as their failure to address and respond to Plaintiff's complaints left the Plaintiff with no reasonable option but to resign her position.

26.     Due the increase in job duties and responsibilities and the amount of time expended without receiving proper compensation, Plaintiff offered a letter of resignation dated February 10, 2014 to Defendant stating that she would resign from her position effective on March 21, 2014.

27.     Upon receiving said notice, Jennifer Vaillancourt attempted to convince the Plaintiff to stay, by stating that she would talk to human resources about getting her additional compensation and/or a reduction in duties.

28.     After this conversation with Jennifer Vaillancourt, Defendant brought in fellow employee, Lesley Boyle, and told the Plaintiff to train Ms. Boyle for the position of financial analyst.

29.     Plaintiff believed that Defendant brought Ms. Boyle in an attempt to help alleviate the burden thrust upon Ms. Gammons.

30.     Upon completing the training of Ms. Boyle, Defendant terminated Plaintiff's employment on or about February 20, 2014.

31.     Defendant failed to compensate the Plaintiff properly for wages paid due to their misclassification of the Plaintiff as a "salary" employee in violation of the Massachusetts Wage and Hour Act, M.G.L. c. 151, §1 et seq.

32.     Defendant failed to compensate the Plaintiff properly for wages paid due to their misclassification of the Plaintiff as a "salary" employee in violation of the Fair Labor Standards Act.

33.     Defendants have failed and/or refused to provide payment to the Plaintiff for wages earned.

## COUNT I

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY AND THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

34.     Paragraphs one through thirty three are incorporated herein by reference.

35.     An at-will employee has a cause of action for wrongful discharge if the termination violates a clearly established public policy such as asserting a legally guaranteed right by requesting payment of wages.

36.     An at-will employee has a cause of action for wrongful discharge if the termination violates the implied covenant of good faith and fair dealing by violating a clearly established public policy.

37.     During the course of her employment with Defendant, Plaintiff made several complaints and requests to Defendant regarding her unreasonable hours and Defendant's failure to provide payment for all hours worked.

38.     Defendant refused to provide payment to the Plaintiff for all hours worked, refused to allow Plaintiff to seek an alternative position and refused to reduce the Plaintiff's number of unpaid hours.

39.     Defendants violated a clearly established public policy by discharging the Plaintiff for requesting and pursuing her legal entitlement to wages.

40.     Defendants, therefore, wrongfully discharged the Plaintiff under the public policy exception to the at-will employment doctrine.

41.     As a result Plaintiff has suffered career loss and financial loss as well as attorney's fees, costs and interest.

WHEREFORE, Plaintiff seeks damages in an amount to be determined by this Honorable Court as well as reimbursement for Plaintiff's court costs and reasonable attorney fees.

## COUNT II

## MISCLASSIFICATION OF EMPLOYEE AND FAILURE TO PROVIDE OVERTIME WAGES IN VIOLATION OF M.G.L. c. 151, §1A.

42.     Paragraphs one through forty one are incorporated herein by reference.

43.     Defendants misclassified the Plaintiff as being exempt from the provisions of the Massachusetts Wage & Hour Act, M.G.L. c. 151, §1A.

44.     Plaintiff's designated position as a "labor analyst", "scan coordinator", and "financial analyst" for the Defendant and job duties do not satisfy the requirements for exemption under M.G.L. 151, § 1A as Plaintiff was not employed in a bona fide executive, administrative, or professional capacity.

45.     Plaintiff's designated position does not qualify for exemption under any other provision of M.G.L. c. 151, § 1A.

46.     By virtue of the fact that Defendant misclassified Plaintiff as an exempt employee, Defendant failed and refused to compensate Plaintiff for overtime wages earned from on or about July 1, 2012 through February 20, 2014 in violation of M.G.L. c. 151, § 1B.

47.     From on or about July 1, 2012 through on or about March 8, 2013, Plaintiff worked approximately fifty-two (52) hours per week.

48.     From on or about March 9, 2013 through on or about February 20, 2014, Plaintiff worked approximately sixty (60) hours per week.

49.     During the period of July 1, 2012 through February 20, 2014, Plaintiff was paid a weekly salary of One Thousand One Hundred Ninety Three Dollars and 27/100 ($1,193.27).

50.     From on or about July 1, 2012 through February 20, 2014, Plaintiff's standard rate of pay would be her weekly salary of $1,193.27 divided by the standard workweek of forty (40) hours resulting in a standard rate of $29.83 per standard hour and $44.75 per overtime hour.

51.     From the period ranging from on or about July 1, 2012 through on or about March 8, 2013, Defendant failed to provide payment to Plaintiff of 336 hours of overtime at a rate of $44.75 per overtime hour for a total due to the Plaintiff in the amount of $15,036.00.

52.     From the period ranging from March 9, 2013 through on or about February 20, 2014, Defendant failed to provide payment to Plaintiff of 776 hours of overtime at a rate of $44.75 per overtime hour for a total due to the Plaintiff in the amount of $34,726.00.

53.     As a result of the Defendant's violation of M.G.L. c. 151, §§ 1A, 1B, Plaintiff has been damaged and is due $49,762.00, to be trebled pursuant to M.G.L. c. 149, §150 for a total due to the Plaintiff of as well as treble damages in the amount of $64,331.40 pursuant to 29 U.S.C. §216 for a total due Plaintiff of $149,286.00.

WHEREFORE, Plaintiff seeks damages in the amount of $149,286.00 as well as reimbursement for Plaintiff's court costs and reasonable attorney fees pursuant to M.G.L. c. 149, §150.

## COUNT III

## MISCLASSIFICATION OF EMPLOYEE AND FAILURE TO PROVIDE OVERTIME WAGES IN VIOLATION OF 29 U.S.C. §§201-216

54.     Paragraphs one through fifty three are incorporated herein by reference.

55.     Defendants misclassified the Plaintiff as being exempt from the provisions of the Fair Labor Standards Act in violation of 29 U.S.C. §213(a)(1).

56.     Plaintiff's designated position as a "labor analyst", "scan coordinator", and "financial analyst" for the Defendant does not qualify for exemption under 29 U.S.C. §213(a)(1) as Plaintiff was not employed in a bona fide executive, administrative, or professional capacity.

57.     Plaintiff's designated position does not qualify for exemption under any other provision of 29 U.S.C. §213 nor does his position satisfy the applicable requirements of 29 C.F.R. §§541.1.00-.300.45.

58.     By virtue of the fact that Defendant misclassified Plaintiff as an exempt employee, Defendant failed and refused to compensate Plaintiff for overtime wages earned from on or about July 1, 2012 through February 20, 2014 in violation of 29 U.S.C. §207.

59.     From on or about July 1, 2012 through on or about March 8, 2013, Plaintiff worked approximately fifty-two (52) hours per week.

60.     From on or about March 9, 2013 through on or about February 20, 2014, Plaintiff worked approximately sixty (60) hours per week.

61.     During the period of July 1, 2012 through February 20, 2014, Plaintiff was paid a weekly salary of One Thousand One Hundred Ninety Three Dollars and 27/100 ($1,193.27).

62.     From on or about July 1, 2012 through February 20, 2014, Plaintiff's standard rate of pay would be her weekly salary of $1,193.27 divided by the standard workweek of forty (40) hours resulting in a standard rate of $29.83 per standard hour and $44.75 per overtime hour.

63.     From the period ranging from on or about July 1, 2012 through on or about March 8, 2013, Defendant failed to provide payment to Plaintiff of 336 hours of overtime at a rate of $44.75 per overtime hour for a total due to the Plaintiff in the amount of $15,036.00.

64.     From the period ranging from March 9, 2013 through on or about February 20, 2014, Defendant failed to provide payment to Plaintiff of 776 hours of overtime at a rate of $44.75 per overtime hour for a total due to the Plaintiff in the amount of $34,726.00.

65.     As a result of the Defendant's violation of 29 U.S.C. §207 and §213, Plaintiff has been damaged and is due $49,762.00 as well as liquidated damages in the amount of $49,762.00 pursuant to 29 U.S.C. §216 for a total due Plaintiff of $99,524.00.

WHEREFORE, Plaintiff seeks damages in the amount of $99,524.00 as well as reimbursement for Plaintiff's court costs and reasonable attorney fees pursuant to 29 U.S.C. §216(b).

## COUNT IV

### DECLARATORY RELIEF PURSUANT TO M.G.L. c.231A §1

66.     Paragraphs one through sixty five are incorporated herein by reference.

67.     There exists between the parties to this action an actual justiciable controversy, within the jurisdiction of this court, pursuant to M.G.L. c. 231A §1, concerning the issue of Plaintiff's exemption under the Massachusetts Wage & Hour Act, M.G.L. c. 151, §1 et seq., and the Fair Labor Standards Act, 29 U.S.C. §213 and applicable regulations.

68.     The Court has the power to adjudicate the rights of the parties with respect to this issue and should grant declaratory relief pursuant to M.G.L. c. 231A §1.

WHEREFORE, Plaintiff seeks relief by this Honorable Court declaring Defendant misclassified Plaintiff as an exempt employee for purposes of the Massachusetts Wage & Hour Act and the Fair Labor Standards Act.

### REQUESTS FOR RELIEF

WHEREFORE, Plaintiff, Sharon Gammons, prays for the following relief:

      1.     That on Count I, the Court enters judgment in favor of the Plaintiff and against the Defendant in an amount to be determined by this court to be just and equitable.

II.   That on Count II, the Court enters judgment in favor of the Plaintiff and against the Defendant in the amount of $149,286.00 and reimbursement for Plaintiff's court costs and reasonable attorney fees.

III.  That on Count III, the Court enters judgment in favor of the Plaintiff and against the Defendant in the amount of $99,524.00 and reimbursement for Plaintiff's court costs and reasonable attorney fees.

IV.   That on Count IV, the Court find and declare that Defendants violated M.G.L. c. 151, § 1B and 29 U.S.C. §213.

V.    That legal fees and costs for prosecuting this action, including but not limited to reimbursement for Plaintiff's court costs and reasonable attorney fees be levied against the Defendant pursuant to M.G.L. c. 149, §150 and 29 U.S.C. §216(b).

VI.   For such other and further relief as the Court deems just.

Respectfully submitted,
PLAINTIFF
by her Attorney,

Thomas J. Cleary (BBO# 665296)
Eric B Langfield (BBO# 688900)
COHEN CLEARY, P.C.
10 Commerce Way, Suite 4
Raynham, MA 02767
Tel: (508) 880-6677
Fax: (508) 880-6679
Email: tcleary@cohencleary.com

Dated: July 7, 2014

## VERIFICATION

I, Sharon Gammons, do hereby declare that I have read the foregoing Verified Complaint and the contents thereof. The same is true to my knowledge except to those matters that are alleged on information and belief and as to those matters; I believe them to be true. I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 8th day of July, 2014 in Bristol County, Massachusetts.

Sharon Gammons
Sharon Gammons

GAMMONS v. SHAW'S SUPERMARKETS, INC.
VERIFIED COMPLAINT

# EXHIBIT "A"



THE COMMONWEALTH OF MASSACHUSETTS
OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108

(617) 727-2200
(617) 727-4765 TTY
www.mass.gov/ago

MARTHA COAKLEY
ATTORNEY GENERAL

May 28, 2014

Ms. Sharon Gammons
119 Sully Road
Raynham, MA 02767

Dear Ms. Gammons:

Thank you for contacting the Office of the Attorney General's Fair Labor Division. The Fair Labor Division of the Attorney General's Office receives and reviews thousands of complaints each year and must make difficult decisions regarding which cases it will pursue. If the Office determines that it will not pursue a particular case, it may issue a "private right of action" to the employee-complainant. This "private right of action" gives the employee the ability to pursue the case privately through the court system.

This letter is the "private right of action" letter for your case. We have carefully reviewed your complaint, and we are authorizing you to pursue this matter through a civil lawsuit. This is not a determination of the merits of your case. It does mean, however, that this Office will not be taking any further action on your complaint.

The private right of action arises under Massachusetts General Laws Chapter 149, § 150, and Chapter 151, §§ 1B and 20. It permits employees who believe they are victims of certain violations of the state wage laws, to sue in civil court on their own behalf and on behalf of other similarly situated employees. If you prevail in court, you are entitled to obtain triple damages for any loss of wages and other benefits, injunctive relief (for example, the court can order the employer to change its employment practices), as well as the costs of litigation and reasonable attorneys' fees.

You should also be aware that strict time restrictions, called the statute of limitations, apply to the filing of claims under the Massachusetts wage laws. You can recover damages only for the two or three year time period prior to the date that you file a case in court, depending on the type of claim you are bringing. Therefore, you should determine what statute of limitations applies to your claims as it may be important to file quickly to avoid the possibility that part or all of your claims are no longer within the relevant time period.

For further information about the Massachusetts Wage and Hour laws, and exercising your "private right of action", including a list of attorney referral services, please visit the Attorney General's website at www.mass.gov/ago/pra and select workplace rights.

Sincerely,
Fair Labor Division
617-727-3465

GAMMONS v. SHAW'S SUPERMARKETS, INC.
VERIFIED COMPLAINT

# EXHIBIT "B"

## Individual Contributor Performance Review Form

| Associate Name: Sharon Gammons | | Associate ID: 43219 | Title/Position: MPT/Retail Labor Analyst | Date: 3/19/2012 |
|---|---|---|---|---|
| Manager Name/Position: Kevin Morrison Labor Mgr Shaw's | | Department/Store/Cost Center: 0067/59473 | | Evaluation Period (xx-xx-xxxx) From: 2011-2012 To: |

| Business Priority | Goal/Responsibility (use significant goal/responsibilities only) | Results | Associate Self-Rating (Enter 5 – 1 or N. Use whole numbers only.) | Manager Rating (Enter 5 – 1 or N. Use whole numbers only.) |
|---|---|---|---|---|
| Labor Budget | Retail store's labor budget for Q1 FY13 | Completed FY'13 labor budget for retail stores, ongoing work continues for remainder of fiscal year. | 4 | 4 |
| MPT corrections | Monitor and correct MPT plans weekly | Ensure consistent reporting at store level to provide accurate labor metrics for analysis. | 4 | 4 |
| Produce various labor reports WTD, PTD, and YTD Including: Neighborhood stores updates, IPH metrics, Various labor metrics Graphs. | Retail operations, as well as other areas of the business need various metrics reported on a consistent basis | Continued to produce and distribute various MPT/labor reports for various areas of the business. | 4 | 5 |
| Assist EWM team in Shaw's labor reporting | Provide other SVU EWM analysts with Shaw's data | Allow Supervalu reports to include Shaw's data by providing WTD,PTD,QTD, &YTD labor reports to SVU labor team | 4 | 4 |
| Gather and distribute 5-S data | Download updated data from webform biweekly to create report | Provide the progress of the 5-S initiative | 4 | 4 |
| Act as liaison between stores and IT specifically in the areas of MPT and Kronos | Aid stores in MPT and Kronos application issues to ensure accurate labor | Ongoing maintenance to MPT volume/fixed data residing in WebSAS. Trouble shooting any store issues reported. Maintaining | 4 | 4 |



2

|  | scheduling and reporting | Kronos configurations so that they are reflective of EMPT.  Act as interpreter for store issues with Help Desk associates. |  |  |
|---|---|---|---|---|
| Ad Hoc Reporting and Analysis | Provide data to various areas of the business on demand | Data collection, analysis, and presentation to various areas of the business to assist in decision making in various labor related issues. | 4 | 5 |

SUPERVALU.
neighborhood grocer

3